UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INFORMED CONSENT ACTION NETWORK,<br>2025 Guadalupe Street, Suite 260<br>Austin, Texas 78705<br><br>                    Plaintiff,<br>        -against-<br><br>CENTERS FOR DISEASE CONTROL AND PREVENTION,<br>200 Independence Avenue SW<br>Washington, DC 20201,<br><br>-and-<br><br>U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br>200 Independence Avenue SW<br>Washington, DC 20201,<br><br>                    Defendants. | Civil Action No. 1:23-cv-747 |

## COMPLAINT

Plaintiff Informed Consent Action Network ("**ICAN**" or "**Plaintiff**") brings this action against Defendants Centers for Disease Control and Prevention ("**CDC**") and U.S. Department of Health and Human Services ("**HHS**" and together with CDC, "**Defendants**") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("**FOIA**"). As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 5 U.S.C. § 522(a)(4)(B).

1

## PARTIES

3. Plaintiff ICAN is a not-for-profit organization with an office located at 2025 Guadalupe Street, Suite 260, Austin, Texas 78705.

4. Defendant CDC is an agency within the Executive Branch of the United States Government, organized within HHS. CDC is an agency within the meaning of 5 U.S.C. § 552(f) and has possession, custody, and control of records to which Plaintiff seeks access.

5. Defendant HHS is an agency within the Executive Branch of the United States Government. HHS is an agency within the meaning of 5 U.S.C. § 552(f) and has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

6. The Vaccine Adverse Events Reporting System ("VAERS") is co-sponsored and operated by the CDC and another federal health agency. VAERS is a passive reporting system to which medical professionals, pharmaceutical companies and others can report an adverse event occurring after administration of a vaccine.

7. Prior to the authorization of the first COVID-19 vaccine in the United States, the CDC issued a report to analyze reports of adverse events after administration of COVID-19 vaccines entitled "Vaccine Adverse Event Reporting System (VAERS) Standard Operating Procedures for COVID-19." This report was issued by the VAERS Team in the CDC's

Immunization Safety Office. Among other analysis, it required CDC to conduct Proportional Reporting Ratio (PRR) analyses.[1]

8. Plaintiff wanted to obtain copies of the PRR analysis performed by the CDC as provided in its VAERS Standard Operating Procedure for COVID-19. Hence, on June 30, 2022, Plaintiff sent a FOIA request to CDC seeking copies of the following records:

> All records related to Proportional Reporting Ratio (PRR) analyses performed "to identify AEs that are disproportionately reported relative to other AEs" pursuant to Sections 2.0, 2.3., and 2.3.1 of the VAERS Standard Operating Procedures for COVID-19. This should include, but not be limited to, all communications concerning PRR analyses including communications concerning any decision to not conduct PRR analyses.
>
> Information helpful to fulfilling the request: The CDC's Immunization Safety Office is the likely custodian of responsive records.

(**Exhibit 101** at 6-7.)

9. On July 6, 2022, CDC sent a formal acknowledgment of Plaintiff's request and assigned it #22-01788-FOIA. (**Exhibit 101** at 12-13.) On July 29, 2022, CDC sent Plaintiff its final determination letter which stated in relevant part:

> A search of our records failed to reveal any documents pertaining to your request. The CDC National Center for Emerging and Zoonotic Infectious Diseases (NCEZID) Division of Healthcare Quality Promotion (DHQP) Immunization Safety Office (ISO) relayed the following:

---

[1] PRR measures how common an adverse event for a particular vaccine is compared to how common the event is in the overall VAERS database. For example, assume VAERS contained the following data:

|  | Covid-19 Vaccine | All Vaccines |
|---|---|---|
| Only Reports of Myocarditis | 10,000 | 20,000 |
| All Reports | 100,000 | 1,000,000 |
| Rate | 10% | 2% |

To calculate PRR for Myocarditis from COVID-19 vaccine in VAERS using the above data, one would divide 10%/2% to get a rate of 5 times risk.

3

> There are no written communications regarding the use of EB over PRR for purposes of signal detection. . .
>
> . . . [I]t was determined that the Proportional Reporting Ratio (PRR) analyses would not be performed. Instead, the U.S. Food and Drug Administration (FDA) performs Empirical Bayesian (EB) data mining with VAERS data. . .

(**Exhibit 101** at 15-16.)

10. While the CDC formally advised Plaintiff that it could not locate any documents responsive to its request, a letter sent to Sen. Ron Johnson on September 2, 2022, signed by CDC Director, Rochelle Walensky, made clear it had performed this analysis, stating in that letter:

> CDC performed PRR analysis between March 25, 2022, through July 31, 2022, to corroborate the results of EB data mining. Notably, results from PRR analysis were generally consistent with EB data mining, revealing no additional unexpected safety signals.

(**Exhibit 101** at 18-19.) The CDC plainly had conducted PRR analysis as far back as March 25, 2022, despite claiming in its response to Plaintiff on July 29, 2022 that it had no records of any PRR analysis being performed.

11. With this information, Plaintiff appealed CDC's final determination letter on October 7, 2022, challenging the adequacy of CDC's search, and pointing out the direct contradiction between CDC's final determination letter to Plaintiff and Dr. Walensky's letter to Senator Johnson. (**Exhibit 101** at 1-4.)

12. On October 13, 2022, HHS acknowledged receipt of Plaintiff's appeal and assigned it Case No. 2023-00012-A-PHS. In HHS' acknowledgment letter, it stated in relevant part:

> Pursuant to 5 U.S.C. § 552(a)(6)(B)(i) and 5 U.S.C. § 552(a)(6)(B)(iii) of the FOIA and 45 C.F.R. § 5.24(f) of the HHS FOIA regulations, your appeal falls under "unusual circumstances" in that our office will need to consult with another office or agency that has substantial interest in the determination of the appeal. The actual processing time will depend on the complexity of the issues

presented in the appeal and consultation with other U.S. Department of Health and Human Services (HHS) components involved.

(**Exhibit 102**.)

13.     In violation of the time limits prescribed by 5 U.S.C. § 552(a)(6)(A)(ii) and 5 U.S.C. § 552(a)(6)(B)(i), as of the date of this Complaint, HHS has failed to make a determination with respect to Plaintiff's appeal.

14.     It should be noted, on January 3, 2023 The Epoch Times published an article that analyzed and published the PRR results it obtained from the CDC through a FOIA Request.[2]

## COUNT I
## FAILURE TO MAKE DETERMINATION BY REQUIRED DEADLINE
## (VIOLATION OF FOIA, 5 U.S.C. § 552)

15.     Plaintiff realleges paragraphs 1 through 14 as if fully stated herein.

16.     Defendants were required to make a final determination on Plaintiff's appeal no later than November 12, 2022.

17.     Defendants failed to make a final determination on Plaintiff's appeal within the time limits set by FOIA; therefore, Plaintiff is deemed to have exhausted its administrative remedies. 5 U.S.C. § 552(a)(6)(A)(ii); 5 U.S.C. § 552(a)(6)(B)(i); and 5 U.S.C. § 552(a)(6)(C)(i).

18.     Defendants are in violation of FOIA.

## COUNT II
## FAILURE TO ESTABLISH AN ADEQUATE SEARCH
## (VIOLATION OF FOIA, 5 U.S.C. § 552)

19.     Plaintiff realleges paragraphs 1 through 18 as if fully stated herein.

---

[2] https://ca.childrenshealthdefense.org/corruption/exclusive-cdc-finds-hundreds-of-safety-signals-for-pfizer-and-moderna-covid-19-vaccines/.

20. For appeal Case No. 2023-00012-A-PHS, Defendants have failed to establish that they adequately searched for responsive records despite Plaintiff's challenge to same in Plaintiff's appeal.

21. Defendants are in violation of FOIA.

## REQUESTED RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

a. Declare that Defendants' current and continued delay in processing Plaintiff's FOIA appeal is unlawful under FOIA;

b. Order Defendants to conduct searches for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request;

c. Order Defendants to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under any claimed exemption;

d. Enjoin Defendants from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request;

e. Maintain jurisdiction over this action until Defendants comply with FOIA and all orders of this Court;

f. Grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

g. Grant Plaintiff such other relief as the Court deems just and proper.

Dated: March 20, 2023

SIRI & GLIMSTAD LLP

_____
Colin M. Farnsworth, DC Bar ID OR0022
745 Fifth Avenue, Suite 500
New York, New York 10151
Tel: (212) 532-1091
cfarnsworth@sirillp.com

*Attorney for Plaintiff*