# Exhibit 101

# Siri | Glimstad

NEW YORK | LOS ANGELES | MIAMI
PHOENIX | DETROIT | DENVER | AUSTIN

745 Fifth Ave, Suite 500, New York, NY 10151
sirillp.com    |    P: (212) 532-1091    |    F: (646) 417-5967

## CDC FREEDOM OF INFORMATION ACT APPEAL

**SUBMITTED VIA EMAIL**                                        October 7, 2022

Deputy Agency Chief FOIA Officer
Office of the Assistant Secretary for Public Affairs
U.S. Department of Health and Human Services
Hubert H. Humphrey Building
200 Independence Avenue
Suite 729H
Washington, D.C. 20201
FOIARequest@psc.hhs.gov

Re: *Appeal of FOIA Request #22-01788-FOIA (IR#0802E)*

Dear Sir or Madam:

This firm represents Informed Consent Action Network ("**ICAN**"). On behalf of ICAN, on June 30, 2022, we submitted a request for records ("**FOIA Request**") from the files of the Centers for Disease Control and Prevention ("**CDC**") pursuant to the Freedom of Information Act (5 U.S.C. § 552, as amended) ("**FOIA**"). On July 29, 2022, Roger Andoh, CDC/ATSDR FOIA Officer, responded to the FOIA Request ("**Final Response**"). ICAN writes now to appeal the Final Response.

**A.      FOIA Request #22-01788-FOIA (IR#0802E)**

On June 30, 2022, ICAN submitted a request to the CDC for the following documents:

> **All records related to Proportional Reporting Ratio (PRR) analyses performed "to identify AEs that are disproportionately reported relative to other AEs" pursuant to Sections 2.0, 2.3., and 2.3.1 of the VAERS Standard Operating Procedures for COVID-19. This should include, but not be limited to, all communications concerning PRR analyses including communications concerning any decision to not conduct PRR analyses.**
>
> **Information helpful to fulfilling the request: The CDC's Immunization Safety Office is the likely custodian of responsive records.**

(**Exhibit 1**.)[1]

On July 6, 2022, CDC acknowledged the FOIA Request and assigned it #22-001788-FOIA. (**Exhibit 2**.)

B.    **CDC's Final Response**

On July 29, 2022, CDC issued a final response letter.  The letter stated in part,

> **A search of our records failed to reveal any documents pertaining to your request. The CDC National Center for Emerging and Zoonotic Infectious Diseases (NCEZID) Division of Healthcare Quality Promotion (DHQP) Immunization Safety Office (ISO) relayed the following:**
>
> ***There are no written communications regarding the use of EB over PRR for purposes of signal detection. . . . The VAERS Standard Operating Procedures (SOP) is a planning document for internal use by CDC with collaborating partners. It is a dynamic document this is used, revised, and implemented based on the current science of the COVID-19 pandemic. Please see the "Disclaimer" excerpt from the SOP. . . .[I]t was determined that the Proportional Reporting Ratio (PRR) analyses would not be performed. Instead, the U.S. Food and Drug Administration (FDA) performs Empirical Bayesian (EB) data mining with VAERS data.***

(**Exhibit 3**.) (Emphasis included)

C.    **Argument**

CDC has failed to conduct an adequate search of the requested records.  An agency's search is adequate only if it is "reasonably calculated to uncover all relevant documents."  *Zemansky v. E.P.A.*, 767 F.2d 569, 571 (9th Cir. 1985) (quoting *Weisberg v. U.S. Dep't. of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984)) (internal quotation marks omitted).  "An agency fulfills its obligations under FOIA if it can demonstrate *beyond material doubt* that its search was reasonably calculated to uncover all relevant documents."  *Defs. of Wildlife v. United States Border Patrol,* 623 F. Supp. 2d 83, 91 (D.D.C. 2009) (quoting *Valencia-Lucena v. U.S. Coast Guard,* 180 F.3d 321, 325 (D.C. Cir. 1999)) (emphasis added).  To satisfy its FOIA obligations, an agency needs to adequately describe the scope and methods of its searches, which can reasonably be expected to uncover the records sought and demonstrate that the places most likely to contain responsive materials were searched. *Davidson v. E.P.A.*, 121 F. Supp. 2d 38, 39 (D.D.C. 2000).  At minimum,

---

[1] All "Exhibits" referenced herein are appended to this letter.

the agency must specify "what records were searched, by whom, and through what process." *Steinberg v. U.S. Dep't. of Justice*, 23 F.3d 548, 552 (D.C. Cir. 1994).

To determine whether a search for responsive records was adequate, a court must first determine the scope of the documents the plaintiff requested. *Wallick v. Agric. Mktg. Serv.*, 281 F. Supp. 3d 56, 66 (D.D.C. 2017). It has been long established that an agency has a duty to construe FOIA requests liberally. *Hemenway v. Hughes*, 601 F. Supp. 1002, 1005 (D.D.C. 1985); *Conservation Force v. Ashe*, 979 F. Supp. 2d 90, 100-104 (D.D.C. 2013); *Rodriguez v. DOD*, 236 F. Supp. 3d 26, 36-38 (D.D.C. 2017). This means an agency is compelled to interpret requests broadly, even if a narrower reading is also reasonable. *Id.* An agency has a duty under the FOIA to select the interpretation that would likely yield the greatest number of responsive documents. *Conservation Force*, 979 F. Supp. 2d at 102; *Nat'l Sec. Counselors v. CIA*, 849 F. Supp. 2d 6, 12 (D.D.C. 2012). Technical precision is not required in FOIA requests, and a request certainly should not fail where the agency knew or should have known what the requester was seeking all along. *Institute for Justice v. Internal Revenue Service,* 941 F.3d 567, 572 (D.C. Cir. 2019). An "agency may [not] ignore what it cannot help but know." *Kowalcyk v. DOJ*, 73 F.3d 386, 389 (D.C. Cir. 1996). A court can conclude a search is inadequate when the facts reveal a "positive indication of overlooked materials." *Valencia-Lucena v. United States Coast Guard*, 180 F.3d 321, 326 (D.C. Cir. 1999).

CDC's search was inadequate for three reasons. First, CDC's Final Response failed to specify what records were searched, by whom, and through what process. *Steinberg*, 23 F.3d 552. Therefore, CDC did not fulfill its obligations under FOIA of demonstrating beyond material doubt that its search was reasonably calculated to uncover all relevant documents. *Valencia-Lucena,* 180 F.3d at 325.

Second, it appears that CDC's failure to find any responsive records may have been a result of its failure to liberally construe the FOIA Request. The FOIA Request contains, at least, three major elements:

(1) All records related to Proportional Reporting Ratio (PRR) analysis performed to identify AEs that are disproportionately reported relative to other AEs' pursuant to Sections 2.0, 2.3., and 2.3.1 of the VAERS Standard Operating Procedures for COVID-19;
(2) All communications concerning PRR analyses; and
(3) Communications concerning any decision to not conduct PRR analyses.

(**Exhibit 1**.) Based on CDC's Final Response, for element (1), CDC appears to attempt to account for the lack of responsive records by pointing to the unreliability of the Standard Operating Procedures (SOP) cited in the FOIA Request. (Exhibit 3.) However, technical precision is not required in FOIA requests, and the request certainly should not fail where the agency knew or should have known what the requester was seeking all along. *Institute for Justice,* 941 F.3d at 572. Here, it is clear, with or without the reference to the SOP, the FOIA Request seeks "all records related to PRR analysis performed to identify 'AEs that are disproportionately reported relative to other AEs' . . . for COVID-19." (**Exhibit 1**.) Thus, even if the SOP had changed, CDC was still obligated to search whether or not PRR analyses were being performed. Therefore, without an

adequate description of its search, it appears CDC failed in its obligation to interpret the request broadly, even if a narrower reading was also reasonable. *Hemenway*, 601 F. Supp. at 1005.

Additionally, based on CDC's Final Response, for elements (2) and (3) of the FOIA Request, CDC appears to only address element (3) by stating "[t]here are no written communications regarding the use of EB over PRR for purposes of signal detection." (**Exhibit 3**.) CDC does not provide, however, any response concerning element (2); whether any communications concerning PRR analysis exists. Thus, it appears CDC failed to search for these records. Therefore, CDC did not select the interpretation that would likely yield the greatest number of responsive documents. *Conservation Force*, 979 F. Supp. 2d at 102.

Lastly, and notably, there is a positive indication of overlooked materials. CDC's Final Response concludes that "it was determined that the Proportional Reporting Ratio (PRR) analyses would not be performed. Instead, the U.S. Food and Drug Administration (FDA) performs Empirical Bayesian (EB) data mining with VAERS data." (**Exhibit 3**.) However, in a recent letter published September 2, 2022, CDC Director Rochelle Walensky stated in no uncertain terms that PRR analyses *were* performed: "CDC performed PRR analysis between March 2022, through July 31, 2022." (**Exhibit 4**.) Thus, despite CDC's Final Response indicating otherwise, according to the letter issued by CDC's Director, PRR analyses and communications took place before and during the processing of this FOIA Request. Therefore, CDC's search was inadequate because the facts reveal a positive indication of overlooked materials. *Valencia-Lucena*, 180 F.3d at 326.

For all the reasons detailed above, CDC has failed to demonstrate beyond a material doubt that its search was reasonably calculated to uncover all relevant documents. *Valencia-Lucena,* 180 F.3d at 325; *Campbell*, 164 F.3d at 28. Therefore, its search was not adequate.

**D.    Appellate Request**

Given the foregoing, ICAN hereby appeals and requests that the documents responsive to the FOIA Requests be produced within 20 days of this appeal. Thank you for your time and attention to this matter. If you require any additional information, please contact us at **(212) 532-1091** or through email at **foia@sirillp.com**.

Very truly yours,

*/s/ Aaron Siri*

Aaron Siri, Esq.
Elizabeth A. Brehm, Esq.
Colin Farnsworth, Esq.

Enclosures

# Exhibit 1

# Siri | Glimstad

NEW YORK | LOS ANGELES | MIAMI
PHOENIX | DETROIT | DENVER | AUSTIN

200 Park Avenue, 17th Floor, New York, NY 10166
sirillp.com    |    P: (212) 532-1091    |    F: (646) 417-5967

## CDC FREEDOM OF INFORMATION ACT REQUEST

**VIA ONLINE PORTAL**                                              June 30, 2022

Roger Andoh
Freedom of Information Officer
Centers for Disease Control and Prevention
1600 Clifton Road, N.E., Building 57, Room MS D-54
Atlanta, Georgia 30333

> *Re: "Proportional Reporting Ratio" – VAERS Standard Operating Procedures for COVID-19 (IR#0802E)*

Dear Sir or Madam:

This firm represents the Informed Consent Action Network ("**ICAN**"). On behalf of ICAN, please provide the following records to foia@sirillp.com in electronic form:

> **All records related to Proportional Reporting Ratio (PRR) analyses performed "to identify AEs that are disproportionately reported relative to other AEs" pursuant to Sections 2.0, 2.3., and 2.3.1 of the VAERS Standard Operating Procedures for COVID-19.[1] This should include, but not be limited to, all communications concerning PRR analyses including communications concerning any decision to not conduct PRR analyses.**

> **Information helpful to fulfilling the request: The CDC's Immunization Safety Office is the likely custodian of responsive records.**

We ask that you waive any and all fees or charges pursuant to 5 U.S.C. § 552(a)(4)(A)(iii). ICAN is a not-for-profit news media organization whose mission is to raise public awareness about vaccine safety and to provide the public with information to give informed consent. (**Exhibit A**.) As part of its mission, ICAN actively investigates and disseminates information regarding vaccine

---

[1] *See* https://www.cdc.gov/vaccinesafety/pdf/VAERS-v2-SOP.pdf.

safety issues for free, including through its website,[2] a weekly health news and talk show,[3] and through press events and releases. ICAN is seeking the information in this FOIA request to allow it to contribute to the public understanding of the government's vaccine safety programs, including the government's efforts to promote vaccine safety. The information ICAN is requesting will not contribute to any commercial activities. Therefore, ICAN should be properly categorized as a media requester, and it is entitled to the search and processing privileges associated with such a category designation. Accordingly, ICAN will be forced to challenge any agency decision that categorizes it as any other category of requester.

Please note that the FOIA provides that if only portions of a requested file are exempted from release, the remainder must still be released. We therefore request that we be provided with all non-exempt portions which are reasonably segregable. We further request that you describe any deleted or withheld material in detail and specify the statutory basis for the denial as well as your reasons for believing that the alleged statutory justification applies. Please also separately state your reasons for not invoking your discretionary powers to release the requested documents in the public interest. Such statements may help to avoid unnecessary appeal and litigation. ICAN reserves all rights to appeal the withholding or deletion of any information.

Access to the requested records should be granted within twenty (20) business days from the date of your receipt of this letter. Failure to respond in a timely manner shall be viewed as a denial of this request and ICAN may immediately take further administrative or legal action.

Furthermore, we specifically request that the agency provide us with an estimated date of completion for this request.

If you would like to discuss our request or any issues raised in this letter, please feel free to contact us at (212) 532-1091 or foia@sirillp.com during normal business hours. Thank you for your time and attention to this matter.

Very truly yours,

*/s/ Aaron Siri*

Aaron Siri, Esq.
Elizabeth A. Brehm, Esq.
Colin M. Farnsworth Esq.

---

[2] https://www.icandecide.org/.

[3] https://thehighwire.com/.

# Exhibit A

DECLARATION OF CATHARINE LAYTON

STATE OF TEXAS

COUNTY OF ___Hays___

I, Catharine Layton, being duly sworn on oath do say:

1.      I am the Chief Operating Officer of the Informed Consent Action Network (ICAN), a not-for-profit 501(c)(3) organization whose mission is to disseminate scientific health information to the public.

2.      I have been an officer of ICAN since its founding in 2016.  I oversee all day-to-day operations of the organization and all ICAN's programs.  Together with our CEO and Board, I ensure that all efforts are focused on our mission statement and ensure that ICAN stays in compliance with all required rules and regulations.

3.      In pursuit of its mission, ICAN relies primarily on its own investigative reporting. ICAN is both instrumental in orchestrating cutting edge investigations into the safety of various medical products, as well as widely disseminating its findings through various media channels. Most notably, ICAN's popular website hosts the organization's largest education program, The HighWire with Del Bigtree. Utilizing its media teams' 40+ years of experience in TV production and investigative journalism, The HighWire provides hours of new video content to the public each week for free.

4.      The HighWire website has approximately 3.4 million weekly visitors.  On Twitter, The HighWire has approximately 140,000 followers and 1 to 2.5 million impressions in a 28-day period.  Between Rumble and Bitchute, The HighWire has approximately 60,000 followers and growing.  Additionally, ICAN has 29,000 text subscribers and 194,245 email subscribers.

5.      The size of ICAN's audience and subscribers continues to grow and is illustrative of the wide public interest in the subject of health and medical safety. Moreover, critical to ICAN's mission is its proven ability to find and review critical scientific and governmental records and meaningfully report about their social impacts.

6.      One of the tools ICAN uses to gather the raw material it uses in its popular investigative reporting is the Freedom of Information Act (FOIA).

7.      ICAN uses records it obtains from its FOIA requests to carry out its public mission and support its role as a non-profit news-media organization in the field of health and medical safety, but as a non-profit, ICAN does not have a commercial interest in the records it seeks through FOIA.

8.     Based on what I know as the Chief Operating Officer, as well what has been demonstrated by ICAN's past and current investigative reporting, for purposes of FOIA's Fee Waiver provisions, ICAN certainly qualifies as a "representative of the news media."

Signed ___3___ day of ___May___ 2022

_____
Signature of Catharine Layton

I, ___Amy Blackwell___ Notary public for the state of ___Texas___ witnessed said ___Catharine Layton___ sign the above statement this ___3___ day of ___May___, 2022
                                                                                            (month)

Notary Public for _____

AMY MARIE BLACKWELL
Notary ID #132597493
My Commission Expires
July 30, 2024

# Exhibit 2

Centers for Disease Control
and Prevention (CDC)
Atlanta GA 30333

*SENT VIA EMAIL*

July 06, 2022

Aaron Siri
Attorney
Siri & Glimstad
200 Park Avenue, 17th Floor
New York, New York 10166
foia@sirillp.com

**1st Letter Subject:** *Acknowledgement Letter*

Dear Mr. Siri:

The Centers for Disease Control and Prevention and Agency for Toxic Substances and Disease Registry (CDC/ATSDR) received your June 30, 2022, Freedom of Information Act (FOIA) request on June 30, 2022, seeking:

> "All records related to Proportional Reporting Ratio (PRR) analyses performed "to identify AEs that are disproportionately reported relative to other AEs" pursuant to Sections 2.0, 2.3., and 2.3.1 of the VAERS Standard Operating Procedures for COVID-19.  This should include, but not be limited to, all communications concerning PRR analyses including communications concerning any decision to not conduct PRR analyses.
>
> Information helpful to fulfilling the request: The CDC's Immunization Safety Office is the likely custodian of responsive records."

Your FOIA request number is #22-01788-FOIA, and it has been placed in our complex processing queue.

In unusual circumstances, an agency can extend the twenty-working-day limit to respond to a FOIA request. We will require more than thirty working days to respond to your request because:

> ☒  We reasonably expect that two or more CDC centers, institutes, and offices (C/I/Os) may have responsive records.
>
> ☒  We reasonably expect to consult with two or more C/I/O/s, or another HHS operating division or another federal agency about your request.

To process your request promptly, please consider narrowing the scope of your request to limit the number of responsive records. If you have any questions or wish to discuss reformulation or an alternative time frame for the processing of your request, you may contact the analyst handling your request, Carolyn Okpewho, at 770-488-6332 or our FOIA Public Liaison, Roger Andoh, at 770-488-6277. Additionally, you may contact the Office of Government Services (OGIS) to inquire about the FOIA mediation services they offer. The contact information for OGIS is as follows: Office of Government Information Services; National Archives and Records Administration; 8601 Adelphi Road-OGIS; College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Page 2 – Aaron Siri

You requested that we waive fees associated with processing your request, your request is granted, however we may charge reduced fees instead of waiving all fees. If we decide to charge reduced fees you will be notified.

Because Informed Consent Action Network (ICAN) is considered an "All Other requester" you are entitled to two hours of free search time, and up to 100 pages of duplication (or the cost equivalent of other media) without charge, and you will not be charged for review time. We may charge for search time beyond the first two hours and for duplication beyond the first 100 pages. (10 cents/page).

Since you did not provide us with a date range for your request, the cut-off date for your request will be the date the search for responsive records starts.

You may check on the status of your case on our FOIA webpage https://foia.cdc.gov/app/Home.aspx and entering your assigned request number. If you have any questions regarding your request, please contact Carolyn Okpewho by email at xxo5@cdc.gov or by phone at 770-488-6332.

We reasonably anticipate that you should receive documents by November 01, 2022. Please know that this date roughly estimates how long it will take the agency to close requests ahead of your request in the queue and complete work on your request. The actual date of completion might be before or after this estimated date.

Sincerely,

Roger Andoh
CDC/ATSDR FOIA Officer
Office of the Chief Operating Officer
Phone: (770) 488-6399
Fax: (404) 235-1852

#22-01788-FOIA

# Exhibit 3



DEPARTMENT OF HEALTH AND HUMAN SERVICES                    Public Health Service

Centers for Disease Control
and Prevention (CDC)
Atlanta GA 30333

*SENT VIA EMAIL*

July 29, 2022

Aaron Siri
Attorney
Siri & Glimstad
200 Park Avenue, 17th Floor
New York, New York 10166
foia@sirillp.com

<u>**2nd Letter Subject**</u>: *Final Response Letter*

Dear Mr. Siri:

The Centers for Disease Control and Prevention and Agency for Toxic Substances and Disease Registry (CDC/ATSDR) received your June 30, 2022, Freedom of Information Act (FOIA) request on June 30, 2022, seeking:

> "All records related to Proportional Reporting Ratio (PRR) analyses performed "to identify AEs that are disproportionately reported relative to other AEs" pursuant to Sections 2.0, 2.3., and 2.3.1 of the VAERS Standard Operating Procedures for COVID-19.  This should include, but not be limited to, all communications concerning PRR analyses including communications concerning any decision to not conduct PRR analyses.

> Information helpful to fulfilling the request: The CDC's Immunization Safety Office is the likely custodian of responsive records."

A search of our records failed to reveal any documents pertaining to your request. The CDC National Center for Emerging and Zoonotic Infectious Diseases (NCEZID) Division of Healthcare Quality Promotion (DHQP) Immunization Safety Office (ISO) relayed the following:

> *There are no written communications regarding the use of EB over PRR for purposes of signal detection.*

> *The VAERS Standard Operating Procedures (SOP) is a planning document for internal use by CDC with collaborating partners. It is a dynamic document this is used, revised, and implemented based on the current science of the COVID-19 pandemic. Please see the "Disclaimer" excerpt from the SOP below.*

>> *"Disclaimer: This document is a draft planning document for internal use by the Centers for Disease Control and Prevention, with collaborating contractors. Numerous aspects (including but not limited to specific adverse events to be monitored, timeframes for report processing, data elements to be reported, and data analysis) are dynamic and subject to change without notice."*

> *Therefore, it was determined that the Proportional Reporting Ratio (PRR) analyses would not be performed.  Instead, the U.S. Food and Drug Administration (FDA) performs Empirical Bayesian (EB) data mining with VAERS data. EB data mining is a statistical method of detecting disproportionate reporting and is considered the "gold standard" for disproportionality analysis.*

Page 2 – Aaron Siri

*There are no written communications regarding the use of EB over PRR for purposes of signal detection. EB has been used for years for this purpose. It is widely accepted as the choice method for detecting potential safety signals (with passive pharmacovigilance data, at least), and thus was assumed to be the preferred method of detecting safety signals among COVID-19 vaccines. PRR is included in the SOP as a potential alternative or adjunct method, but EB was always understood to be the superior method.*

*For more information, please see the below links:*

> *https://link.springer.com/article/10.2165/00002018-200225060-00001*
> *Use of Screening Algorithms and Computer Systems to Efficiently Signal Higher-Than-Expected Combinations of Drugs and Events in the US FDA's Spontaneous Reports Database | SpringerLink*
>
> *https://onlinelibrary.wiley.com/doi/10.1002/pds.1107*
> *Comparing data mining methods on the VAERS database - Banks - 2005 - Pharmacoepidemiology and Drug Safety - Wiley Online Library*

You may contact our FOIA Public Liaison at 770-488-6277 for any further assistance and to discuss any aspect of your request. Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland  20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

If you are not satisfied with the response to this request, you may administratively appeal by writing to the Deputy Agency Chief FOIA Officer, Office of the Assistant Secretary for Public Affairs, U.S. Department of Health and Human Services, via the online portal at https://requests.publiclink.hhs.gov/app/index.aspx?aspxerrorpath=/App/Index/aspx. or via e-mail at FOIARequest@psc.hhs.gov  or via mail at Hubert H. Humphrey Building, 200 Independence Avenue, Suite 729H, Washington, D.C.  20201. Please mark both your appeal letter and envelope "FOIA Appeal." Your appeal must be postmarked or electronically transmitted by October 27, 2022.

Sincerely,

Roger Andoh
CDC/ATSDR FOIA Officer
Office of the Chief Operating Officer
Phone: (770) 488-6399
Fax: (404) 235-1852

#22-01788-FOIA

# Exhibit 4



U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES                Public Health Service

Centers for Disease Control
and Prevention (CDC)
Atlanta GA 30329-4027

September 2, 2022

The Honorable Ron Johnson
United States Senate
Washington, DC 20510

Dear Senator Johnson:

Thank you for your letters dated June 23 and July 25, 2022, regarding the Centers for Disease Control and Prevention's (CDC) tracking of reports of coronavirus disease 2019 (COVID-19) vaccine adverse events.

The Vaccine Adverse Event Reporting System (VAERS) Standard Operating Procedures (SOP) for COVID-19 is a CDC planning document developed with internal and external partners, including federal entities.[1] Within the VAERS SOP disclaimer it states, the VAERS SOP was designed to be a dynamic resource that is used, revised, and implemented based on the current science of the COVID-19 pandemic and has since been updated from the version referenced in Freedom of Information Act (FOIA) Request #22-01479 and mentioned in your letters.[2]

The weekly data tables that were produced during the time period of February 26, 2021, to September 30, 2021, were provided to the FOIA requester and are included as an addendum to this response. The reported incident counts reflect preliminary information, details of which might not have been confirmed by a medical provider interview or medical record review.[3] Revised descriptions of the weekly tables and the information they provide are also found in the updated VAERS SOP.

Regarding your question about the use of proportional reporting ratio (PRR) analysis, CDC and the Food and Drug Administration (FDA) chose to rely on Empirical Bayesian (EB) data mining—a more robust technique used to analyze disproportionate reporting—rather than PRR calculations to mitigate potential false signals. CDC performed PRR analysis between March 25, 2022, through July 31, 2022, to corroborate the results of EB data mining. Notably, results from PRR analysis were generally consistent with EB data mining, revealing no additional unexpected safety signals. CDC also recently addressed a previous statement made to the *Epoch Times* to clarify PRRs were not run between February 26, 2021, to September 30, 2021. Given the strength of the EB data mining method, CDC and FDA plan to continue relying upon EB data mining moving forward.

---

[1] www.cdc.gov/vaccinesafety/pdf/VAERS-v2-SOP.pdf
[2] www.cdc.gov/vaccinesafety/pdf/VAERS-COVID19-SOP-02-02-2022-508.pdf
[3] https://vaers.hhs.gov/data.html

Page 2 – The Honorable Ron Johnson

CDC consistently performs extensive data collection and analysis to detect potential adverse events and safety signals and then communicates this information to the public. For example, VAERS staff conducted assessments showing that causal associations exist between thrombosis with thrombocytopenia syndrome and Janssen's COVID-19 vaccine and between myocarditis and mRNA COVID-19 vaccination. The outcomes of this work were presented at multiple Advisory Committee on Immunization Practices[4] meetings, and were published in the biomedical literature—which, in turn, informed national vaccine policy.

I appreciate your letter and support, and that of Congress overall, as we work together to fight COVID-19. CDC remains committed to leading with science, promoting equity, and protecting the American public during this pandemic. If you have further questions, please have your staff contact Jeff Reczek in our CDC Washington Office at (202) 245-0600 or JReczek@cdc.gov.

Sincerely,

Rochelle P. Walensky, MD, MPH
Director, CDC

---

[4] www.cdc.gov/vaccines/acip/index.html