UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INFORMED CONSENT ACTION NETWORK, <br><br> *Plaintiff*, <br><br> v. <br><br> U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*, <br><br> *Defendants*. | Civil Action No. 23-cv-747 (TSC) |

**ANSWER TO PLAINTIFF'S COMPLAINT**

The Centers for Disease Control and Prevention ("CDC") and the United States Department of Health and Human Services ("HHS"), (collectively, "Defendants"), by and through its undersigned counsel, hereby responds to the separately numbered paragraphs and prayer for relief contained in Plaintiff's Complaint ("Complaint"). All allegations not specifically admitted are denied.

**DEFENDANTS' RESPONSES TO NUMBERED PARAGRAPHS**

**JURISDICTION AND VENUE**[1]

1. This paragraph contains Plaintiff's conclusions of law regarding jurisdiction, to which no response is required.

---

[1] For ease of reference, Defendants replicates the headings contained in the Complaint. Although Defendants believes that no response is required to such headings, to the extent a response is required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

1

2. This paragraph contains Plaintiff's conclusions of law regarding venue, to which no response is required. and venue, to which no response is required. To the extent a response is deemed required, that venue may be found in this judicial district.

## PARTIES TO THE ACTION

3. Defendants lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in this paragraph.

4. Defendants admit only that CDC is a federal agency and a component of HHS.

5. Defendants admit only that HHS is an agency of the United States Government.

## STATEMENT OF FACTS

6. This paragraph consists of allegations that are unrelated to the resolution of the claims in this action brought pursuant to FOIA to which no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegation therein.

7. This paragraph consists of allegations that are unrelated to the resolution of the claims in this action brought pursuant to FOIA to which no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegation therein.

8. Defendants admit that Plaintiff submitted a FOIA request on June 30, 2022. Defendants aver that the June 30, 2022, FOIA request is the best evidence of its contents and respectfully refers the Court to the FOIA request for a complete and accurate statement of its contents.

9. Defendants admit the allegations in paragraph 9 and respectfully refers the Court to the acknowledgment letter for a complete and accurate statement of its contents.

10. Defendants only admit that they sent a formal acknowledgment letter to Plaintiff on July 6, 2022 and respectfully refers the Court to the letter for a complete and accurate statement of its contents.

11. Defendants admit only that Plaintiff submitted an appeal on October 7, 2022, and Respectfully refers the Court to the Appeal for a complete and accurate statement of its contents.

12. Defendants admit the allegations in paragraph 12 and respectfully refers the Court to the acknowledgment letter for a complete and accurate statement of its contents.

13. Defendants sent a determination letter to Plaintiff on April 5, 2023, which included 18 pages of responsive records and 51 Excel spreadsheets.

14. This paragraph consists of allegations that are unrelated to the resolution of the claims in this action brought pursuant to FOIA to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations therein.

## COUNT I

15. Defendants incorporate their responses set forth above.

16. This paragraph contains conclusions of law, to which no response is required. To the extent a response is required, Defendant denies the allegations.

17. This paragraph contains conclusions of law, to which no response is required. To the extent a response is required, Defendant denies the allegations.

18. This paragraph contains conclusions of law, to which no response is required. To the extent a response is required, Defendant denies the allegations.

## COUNT II

19. Defendants incorporate their responses set forth above.

20. Defendants sent a final determination to Plaintiff on April 5, 2023.

21. This paragraph contains conclusions of law, to which no response is required. To the extent a response is required, Defendant denies the allegations.

## REQUESTED RELIEF

The remaining portions of Plaintiff's Complaint contain its request for relief, to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief requested, or to any relief whatsoever.

## DEFENSES

Any allegations not specifically admitted, denied, or otherwise responded to are hereby denied. In further response to the Complaint, Defendant raises the following defenses:

## FIRST DEFENSE

This Court lacks subject matter jurisdiction over any of Plaintiff's requests for relief that exceed the relief authorized by FOIA. Pursuant to FOIA, jurisdiction is limited to the district courts' authority to "enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

## SECOND DEFENSE

Plaintiff is not entitled to compel the production of records protected from disclosure by one or more of the exemptions to FOIA. *See* 5 U.S.C. § 552(b).

## THIRD DEFENSE

Plaintiff is neither eligible nor entitled to attorney fees under 5 U.S.C. § 552(a)(4)(E).

## FOURTH DEFENSE

Plaintiff fails to state a claim upon while relief can be granted.

Defendant may have additional defenses which are not known at this time, but which may become known through further proceedings. Accordingly, Defendant reserves the right to assert every defense that may be available, including any defenses available pursuant to Federal Rules of Civil Procedure 8 and 12.

July 25, 2023

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:   /s/
KENNETH ADEBONOJO
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202)252-2562