# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INFORMED CONSENT ACTION NETWORK,<br>2025 Guadalupe Street, Suite 260<br>Austin, Texas 78705<br><br>         Plaintiff,<br> -against-<br><br>CENTERS FOR DISEASE CONTROL AND PREVENTION,<br>200 Independence Avenue SW<br>Washington, DC 20201,<br><br>-and-<br><br>U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br>200 Independence Avenue SW<br>Washington, DC 20201,<br><br>         Defendants. | Civil Action No. 1:23-cv-00747-TSC |

### PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR EXTENSION OF TIME TO FILE DEFENDANTS' DISPOSITIVE MOTION [Dkt. 19]

Plaintiff Informed Consent Action Network ("**ICAN**" or "**Plaintiff**"), through its counsel, respectfully submits this opposition to Defendants Centers for Disease Control and Prevention ("**CDC**") and U.S. Department of Health and Human Services' ("**HHS**" and together with CDC, "**Defendants**") motion for an extension of time to file its dispositive motion.[1] The grounds for this opposition are as follows:

---

[1] Defendants incorrectly title their motion a "Consent Motion" however Plaintiff has not consented and opposes the motion. Dkt. 19.

**Background and Procedural History**

1. On June 30, 2022, Plaintiff sent a FOIA request to CDC seeking copies of the following records:

> All records related to Proportional Reporting Ratio (PRR) analyses performed "to identify AEs that are disproportionately reported relative to other AEs" pursuant to Sections 2.0, 2.3., and 2.3.1 of the VAERS Standard Operating Procedures for COVID-19. This should include, but not be limited to, all communications concerning PRR analyses including communications concerning any decision to not conduct PRR analyses.

Dkt. 1 ¶ 8.

2. On July 6, 2022, CDC sent a formal acknowledgment of Plaintiff's request and assigned it #22-01788-FOIA. (Dkt 1, Exhibit 101 at 12-13.) On July 29, 2022, CDC sent Plaintiff its final determination letter which stated in relevant part:

> A search of our records failed to reveal any documents pertaining to your request. The CDC National Center for Emerging and Zoonotic Infectious Diseases (NCEZID) Division of Healthcare Quality Promotion (DHQP) Immunization Safety Office (ISO) relayed the following:
>
> There are no written communications regarding the use of EB over PRR for purposes of signal detection. . . [I]t was determined that the Proportional Reporting Ratio (PRR) analyses would not be performed. Instead, the U.S. Food and Drug Administration (FDA) performs Empirical Bayesian (EB) data mining with VAERS data. . . .

*Id.* ¶ 9.

3. Plaintiff appealed CDC's final determination letter on October 7, 2022, challenging the adequacy of CDC's search. *Id.* ¶ 11. On October 13, 2022, HHS acknowledged receipt of Plaintiff's appeal. *Id.* ¶ 12. In violation of the time limits prescribed by 5 U.S.C. § 552(a)(6)(A)(ii) and 5 U.S.C. § 552(a)(6)(B)(i), HHS failed to make a determination with respect to Plaintiff's appeal. *Id.* ¶ 13. Thus, Plaintiff filed suit on March 20, 2023. *Id.*

4. On April 20, counsel for Defendants contacted the undersigned seeking a 30-day extension for its time to answer. Plaintiff represented that it consented as long as during that extended time, the agency was willing to work cooperatively in discussing the request and work towards a resolution. Counsel for Defendants agreed, moved for the extension, and was granted same by the Court.

5. Counsel for Plaintiff requested a telephonic meet and confer with Defendants' counsel in late April, which happened for the first time on May 5, 2023.

6. The agency subsequently produced documents. On May 23, 2023, in response to an inquiry from Defendants' counsel, the undersigned informed Defendants that Plaintiff received the production. However, it planned to challenge redactions and the adequacy of the search. Undersigned counsel informed Defendants' counsel that Plaintiff would send a written appeal letter detailing the challenges. In response, Defendants' counsel again asked for a 30-day enlargement which Plaintiff again consented to with the understanding that the agency would consider Plaintiff's challenges to the production and move things forward in good faith during the 30 days.

7. On May 25, 2023, Plaintiff sent a letter detailing its challenges to the agency's supplemental final response and the closure letter it had received. On June 23, 2023, the date Defendants' answer was due after the prior extensions, Defendants' counsel reached out again seeking a third 30-day extension. Plaintiff again, in good faith, consented with the understanding that the agency will make a good faith effort to meet and confer with Plaintiff over the next 30 days to attempt to reach a resolution.

8. On July 25, 2023, Defendant filed its answer. There was no communication between the parties in the prior 30 days. The following day, on July 26, 2023, Plaintiff asked for a

meet and confer to obtain an update. On August 9, 2023, having received no response, undersigned counsel again requested an update and a meet and confer call. Defendants' counsel responded on August 24, 2023 stating he was unavailable for a meet and confer until the following week. Plaintiff suggested a date and time and received no answer until the day that was proposed – August 31, 2023. On that call, more than 3 months after the letter sent by Plaintiff detailing the challenges to the production, Defendants' counsel was unable to provide any update and requested a copy of the letter again, which Plaintiff's counsel resent via email following that call.

9. On September 5, 2023, the day before the next joint status report was due to the Court, Plaintiff's counsel again reached out to Defendants' counsel for an update as to whether or not the agency was amenable to running any additional searches. Defendants' counsel proposed submitting a briefing schedule as he was still trying to get clarification on the searches and should have an answer the next day.

10. On September 6, 2023, the Agency provided Plaintiff a 5-page draft, unsigned affidavit containing information about the search and about the redactions that were applied to the records produced. On September 19, 2023, Plaintiff sent another letter detailing the challenges to the search and explaining why the unsigned affidavit did not satisfy any of the issues with the production and final response. On October 5, 2023, Plaintiff's counsel asked Defendants' counsel if there was any update or response to the September 19th letter. Defendants' counsel stated that agency counsel had been on leave but was back and reengaged in the process and that he would be in touch when he heard something.

11. On October 18, 2023, Defendants' counsel emailed the undersigned apologizing for the delay and sent a partial written response from the agency to Plaintiff's challenges. Plaintiff responded on October 20, 2023, stating it would wait to see any supplemental production with

4

regards to challenged redactions and that the adequacy of search was still an issue. On the same day, Defendants' counsel circulated a proposed joint status report. Plaintiff informed Defendants' counsel that it could not agree to some of the language within that draft JSR including statements that the parties had been meeting and conferring and were close to reaching agreement. As Plaintiff represented in that email response, short of two brief telephonic meet and confers (May 5th and August 31st), there had been little to no communication from the agency and certainly nothing of substance. Plaintiff had raised the same issues since at least May 25, 2023, and it was then almost five months later with only a recent email from earlier that week (including the response about three specific potential custodians which did not cure the serious adequacy of search issues Plaintiff had raised repeatedly). The parties then filed the JSR on October 23, 2023.

12. On November 15, 2023, Plaintiff's counsel again checked in with Defendants' counsel seeking an update and an estimated date from the agency for the supplemental production. Plaintiff's counsel also inquired again as to whether the agency was amenable to running additional searches with additional custodians. On November 18, 2023, after receiving no response, Plaintiff's counsel sent another email inquiring. On November 21, 2023, after still receiving no response, Plaintiff's counsel sent another email inquiring. Defendants' counsel answered the November 21st email stating that he was expecting a declaration and Vaughn index from the agency and that he would attempt to share them that day or the next.

13. On November 22, 2023, Defendants' counsel emailed a copy of the same declaration it had previously provided on September 6, 2023, to which Plaintiff had responded in a thorough letter on September 19, 2023, explaining that it failed to resolve Plaintiff's concerns. This appears to evidence that Defendants had not undertaken any additional searches since their original search. Defendants' November 22nd email also included a response to only one of

Plaintiff's concerns (about three specific custodians) that, likewise, was the same response counsel previously provided on October 18th, just days before the last JSR had been due and to which Plaintiff's counsel responded stating that this, also, failed to alleviate any concerns. The only new information Plaintiff had received in over a month was a Vaughn index on the day a JSR is due. Plaintiff's counsel shared that it appeared, then, that the parties were at an impasse and proposed a JSR with a briefing schedule. That JSR was filed on November 22, 2023, Dkt. 18, and called for Defendants to file their opening brief on January 16, 2024.

**Current Extension Request**

14. Today, on January 16, 2024 – the date Defendants' motion is due, Defendants' counsel reached out via email and asked for Plaintiff's consent to an enlargement of time until the end of February for its dispositive motion as the agency "consider[s]" whether to search the additional custodians' records.

15. Plaintiff responded that it did not consent to an extension for the following reasons: Plaintiff raised the issue of the adequacy of the search and named three specific custodians at least as early as May 25, 2003. If the agency were going to consider searching and producing those custodians' records, it has had ample opportunity to do so (at least 7.5 months). Since that time, and before, there has been a lack of substantive communication and a lack of status/progress updates (unless/until Plaintiff's counsel reached out seeking same and then only received responses just prior to the JSRs being due to the Court) and Plaintiff does not believe that will change if it consented to the requested extension.

16. To be clear, Plaintiff explained that if the agency could confirm that it had already run the searches of those three custodians, had a volume of potentially responsive documents, and an estimated date of production for same, it would consider the extension. This would show that

6

the agency had been making progress on a request submitted in June 2022 and on a production challenged as of May 2023. Defendant could not confirm that and so Plaintiff opposes the extension as it will result only in additional and continued delay.

17. Plaintiff should not be prejudiced by this additional and continued delay simply because it took until today – when briefing was due to the Court – for Defendants' counsel to "insert[] himself more directly into the agency's deliberations this time around." Dkt. 19 ¶ 4.

WHEREFORE, Plaintiffs respectfully request that the deadline for Defendants to file their dispositive motion[2] not be extended and that the Court deny Defendants' motion.

Dated: January 16, 2024            SIRI & GLIMSTAD LLP

*Elizabeth A. Brehm*
Aaron Siri, DC Bar No. NY0537
Elizabeth A. Brehm, DC Bar No. NY0532

Siri & Glimstad LLP
745 Fifth Avenue, Suite 500
New York, New York 10151
Tel: (212) 532-1091
aaron@sirillp.com
ebrehm@sirillp.com

---

[2] Defendants' motion states that they are seeking an extension to respond to the Complaint which is incorrect. *See* Dkt. 19 at p. 2.