UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INFORMED CONSENT ACTION NETWORK,<br><br>   Plaintiff,<br><br>  v.<br><br>CENTERS FOR DISEASE CONTROL AND PREVENTION, *et al.*,<br><br>   Defendants. | Civil Action No. 23-0747 (TSC) |

**STATEMENT OF UNDISPUTED MATERIAL FACTS**

  Pursuant to Federal Rule of Civil Procedure ("Rule") 56(c) and LCvR 7(h), the Centers for Disease Control and Prevention ("CDC") and the Department of Health and Human Services ("Defendants"), by and through undersigned counsel, respectfully submit this Statement of Undisputed Facts in support of their Motion for Summary Judgment filed herewith in response to this action filed by Informed Consent Action Network ("Plaintiff").

  1. Plaintiff commenced this FOIA action "to obtain copies of the PRR analysis performed by the CDC as provided in its VAERS Standard Operating Procedure for COVID-19." ECF No. 1 at 3.

  2. Specifically, Plaintiff submitted a FOIA request for "[a]ll records related to Proportional Reporting Ratio analyses performed to identify [adverse events] that are disproportionately reported relative to other [Adverse Events] pursuant to Sections 2.0, 2.3., and 2.3.1 of the VAERS Standard Operating Procedures for COVID-19.

3. This should include, but not be limited to, all communications concerning PRR analyses including communications concerning any decision to not conduct PRR analyses." ECF No. 1-1 at 7 (internal quotation marks omitted); *see also* Ex. A, Declaration of Roger Andoh at 2 ("Andoh Decl.").

4. According to Plaintiff, "[i]nformation helpful to fulfilling the request: The CDC's Immunization Safety Office is the likely custodian of responsive records." *Id*.

5. VAERS is a passive reporting system to which medical professionals, pharmaceutical companies and others can report an adverse event occurring after administration of a vaccine, and PRR measures how common an adverse event for a particular vaccine is compared to how common the event is in the overall VAERS database.

6. VAERS is co-sponsored and operated by the CDC and another federal health agency.

7. During the pendency of this litigation, parties conferred and cooperated on a supplemental electronic search, with Plaintiff suggesting three additional custodians and search terms. Andoh Decl. at 5.

8. The supplemental search resulted in 25 pages of records, only seven of which had not been returned by Defendants' initial search. *Id*.

9. Defendant also conducted a manual search that resulted in the release of 341 pages of records and seven Excel spreadsheets. *Id*.

10. In total, Defendants produced 366 pages of records fifty-eight Excel spreadsheets. The parties also conferred and cooperated to narrow their differences regarding Defendants' withholdings so much so that Plaintiff now is only challenging a narrow subset of Defendants' Exemption 5 withholdings.

11. "Here, [] Exemption [] (5) was applied to protect pre-decisional, deliberative communications among agency staff regarding analysis and planning how to run and what should be included in the PRR tables." *Id*. at 5.

12. Specifically, Exemption 5 was applied to portions of twenty-one emails and to five excel tables. As explained herein, these withholdings were proper.

Dated: November 1, 2024
      Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:     *Kenneth Adebonojo*
    KENNETH ADEBONOJO
    Assistant United States Attorney
    601 D Street, NW
    Washington, DC 20530
    (202) 252-2562