UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INFORMED CONSENT ACTION NETWORK,<br><br>Plaintiff,<br><br>v.<br><br>CENTERS FOR DISEASE CONTROL AND PREVENTION, et al.,<br><br>Defendant. | Civil Action No. 23-cv-00747-TSC |

**PLAINTIFF'S STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE DISPUTE AND CONTROVERTING STATEMENT OF FACTS IN SUPPORT OF ITS OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**I.  PLAINTIFF'S STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE DISPUTE**

Pursuant to Local Civil Rule 7(h), Plaintiff, Informed Consent Action Network ("**ICAN**"), respectfully submits this statement of material facts as to which there is no genuine dispute. The facts discussed herein concern the Freedom of Information Act ("**FOIA**") request submitted by ICAN to CDC.

1. ICAN is a "not-for-profit news media organization whose mission is to raise public awareness about vaccine safety." Pl.'s FOIA Request (Dkt. 1-1 at 7.)

2. On June 30, 2022, ICAN submitted a FOIA request to the Centers for Disease Control and Prevention ("**CDC**") seeking "All records related to Proportional Reporting Ratio (PRR) analyses performed to identify AEs that are disproportionately reported relative to other AEs" pursuant to Sections 2.0, 2.3., and 2.3.1 of the VAERS Standard Operating Procedures for COVID-19. This should include, but not be limited to, all communications concerning PRR

1

analyses including communications concerning any decision to not conduct PRR analyses. Information helpful to fulfilling the request: The CDC's Immunization Safety Office is the likely custodian of responsive records." Pl.'s FOIA Request (Dkt. 1-1 at 7.)

3. ICAN is seeking the information in the FOIA request to allow it to contribute to the public understanding of the government's vaccine safety programs, including the government's efforts to promote vaccine safety. *Id*.

4. On July 29, 2022, twenty-three days after the NCEZID/ISO program informed CDC's FOIA office that no search had been conducted for records responsive to ICAN's request, CDC issued its final response which indicated "a search of records failed to reveal any documents pertaining to your request." (Dkt. 1-1 at 16-17.)

5. On September 2, 2022, in a letter to Senator Ron Johnson, then-CDC Director Rochelle Walensky made clear CDC had performed this analysis stating "CDC performed PRR analysis between March 25, 2022, through July 31, 2022, to corroborate the results of EB data mining."

6. CDC had plainly conducted PRR analysis as far back as March 25, 2022, despite claiming to Plaintiff on July 29, 2022, that it had no records of any PRR analysis having been performed.

7. On October 7, 2022, ICAN appealed CDC's denial on the grounds that CDC failed to conduct an adequate search of the requested records. (Dkt. 1-1 at 2-5.) On October 13, 2022, CDC acknowledged receipt of the appeal and advised that it would need to consult with another office. (Dkt. 1-2.)

8. On March 20, 2023, nearly nine months after submitting its request and having received no further communication from CDC, ICAN filed this suit on the grounds that CDC

violated FOIA by failing to issue a timely final determination on its appeal and failing to establish the adequacy of its search. (Dkt. 1.)

9. On May 25, 2023, after meeting and conferring with Defendants' counsel, ICAN sent counsel for Defendants a detailed letter describing ICAN's challenges to the 18-Page Production (Production #1), including challenges to (b)(5) redactions that had been applied.

10. Defendants produced a draft Vaughn index on July 29, 2024.4 Plaintiff reviewed the index and notified Defendants of the narrowed redactions Plaintiff intended to challenge.

11. An individual named repeatedly in the responsive records, Mr. Bicheng (Tony) Zhang, is a non-governmental employee as designated by his title on CDC's website directory. *See* https://directory.psc.gov/hhsdir/eeKey.asp?Key=75006&Format=Table.

## II. PLAINTIFF'S CONTROVERTING STATEMENT OF FACTS IN SUPPORT OF ITS OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

ICAN respectfully submits this controverting Statement of Facts in support of its Opposition to Defendant's Cross-Motion for Summary Judgment. The facts discussed herein concern the FOIA request submitted by ICAN.

1. Plaintiff commenced this FOIA action "to obtain copies of the PRR analysis performed by the CDC as provided in its VAERS Standard Operating Procedure for COVID-19." ECF No. 1 at 3.

Plaintiff's Response: ICAN admits that it submitted its initial request "to obtain copies of the PRR analysis performed by the CDC as provided in its VAERS Standard Operating Procedure for COVID-19." However, ICAN commenced this action on March 20, 2023, after CDC violated FOIA by failing to respond to its appeal concerning the request seeking "All records related to Proportional Reporting Ratio (PRR) analyses performed "to identify AEs that are disproportionately reported relative to other AEs" pursuant to Sections 2.0, 2.3., and 2.3.1 of the

3

VAERS Standard Operating Procedures for COVID-19" within the time limits prescribed by 5 U.S.C. § 552(a)(6)(A)(ii) and 5 U.S.C. § 552(a)(6)(B)(i).

2. Specifically, Plaintiff submitted a FOIA request for "[a]ll records related to Proportional Reporting Ratio analyses performed to identify [adverse events] that are disproportionately reported relative to other [Adverse Events] pursuant to Sections 2.0, 2.3., and 2.3.1 of the VAERS Standard Operating Procedures for COVID-19.

Plaintiff's Response: Admit.

3. This should include, but not be limited to, all communications concerning PRR analyses including communications concerning any decision to not conduct PRR analyses." ECF No. 1-1 at 7 (internal quotation marks omitted); see also Ex. A, Declaration of Roger Andoh at 2 ("Andoh Decl.").

Plaintiff's Response: To the extent this refers to a portion of Plaintiff's initial FOIA request, Plaintiff admits this.

4. According to Plaintiff, "[i]nformation helpful to fulfilling the request: The CDC's Immunization Safety Office is the likely custodian of responsive records." *Id*.

Plaintiff's Response: ICAN admits that its FOIA request included this statement.

5. VAERS is a passive reporting system to which medical professionals, pharmaceutical companies and others can report an adverse event occurring after administration of a vaccine, and PRR measures how common an adverse event for a particular vaccine is compared to how common the event is in the overall VAERS database.

Plaintiff's Response: Admit.

6. VAERS is co-sponsored and operated by the CDC and another federal health agency.

Plaintiff's Response: Admit.

7. During the pendency of this litigation, parties conferred and cooperated on a supplemental electronic search, with Plaintiff suggesting three additional custodians and search terms. Andoh Decl. at 5.

Plaintiff's Response: ICAN disputes this statement as written. ICAN admits that the parties conferred and, on September 19, 2023, ICAN sent a letter to the Agency urging the Agency to conduct an additional search of the records of three custodians, all of whom were involved in emails that were produced as responsive to the FOIA request.

8. The supplemental search resulted in 25 pages of records, only seven of which had not been returned by Defendants' initial search. *Id*.

Plaintiff's Response: Admit.

9. Defendant also conducted a manual search that resulted in the release of 341 pages of records and seven Excel spreadsheets. *Id*.

Plaintiff's Response: While it is undisputed that Defendants have made this representation, without discovery, Plaintiff has no way to substantiate this claim as factually accurate and does not know what a "manual" search means to Defendants.

10. In total, Defendants produced 366 pages of records fifty-eight Excel spreadsheets. [sic] The parties also conferred and cooperated to narrow their differences regarding Defendants' withholdings so much so that Plaintiff now is only challenging a narrow subset of Defendants' Exemption 5 withholdings.

Plaintiff's Response: ICAN admits that 366 pages and 58 excel files have been produced, although many are partially or fully redacted. Plaintiff challenges all of the Exemption 5 withholdings that it represented to Defendants after receiving the draft *Vaughn* index.

11. "Here, [] Exemption [] (5) was applied to protect pre-decisional, deliberative communications among agency staff regarding analysis and planning how to run and what should be included in the PRR tables." *Id*. at 5.

Plaintiff's Response: ICAN disputes this statement and maintains its position that Exemption 5 was applied inappropriately to withhold partial and complete records.

12. Specifically, Exemption 5 was applied to portions of twenty-one emails and to five excel tables. As explained herein, these withholdings were proper.

Plaintiff's Response: ICAN disputes this statement and maintains its position that the withholdings are not proper. First, it is not accurate to say there are 21 "emails." There are 21 email **threads** in the third production which are approximately 200 pages long with multiple emails within each thread. Additionally, there are numerous email discussions from the earlier February 18-page production that have Exemption 5 redactions that are not included in the count of "twenty-one emails." (Dkt. 31-4 at 1.)

Dated:   December 17, 2024            SIRI & GLIMSTAD LLP

*/s/ Elizabeth A. Brehm*
Elizabeth A. Brehm, DC Bar No. NY0532
Siri & Glimstad LLP
745 Fifth Avenue, Suite 500
New York, New York 10151
Tel: (240) 732-6737
ebrehm@sirillp.com