UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INFORMED CONSENT ACTION NETWORK,<br><br>　　　　　　Plaintiff,<br><br>　　　　v.<br><br>CENTER FOR DISEASE CONTROL AND PREVENTION, et al.,<br><br>　　　　　　Defendants. | Civil Action No. 23-0747 (AHA) |

**JOINT STATUS REPORT**

In this action under the freedom of Information Act, 5 U.S.C. § 552 ("**FOIA**"), the Informed Consent Action Network ("**Plaintiff**") and the Center for Disease Control and Prevention, et al. ("**Defendants**") (collectively "**the Parties**"), by and through undersigned counsel, respectfully submit this Joint Status Report in response the Court's Minute Order entered on September 24, 2025. *See* Min. Ord.  In response, the parties jointly state the following:

　　　1.　　　The aforementioned Minute Order, which predated the lapse in appropriations and ensuing government shut down, had directed the Parties to file a Joint Status Report on October 24, 2025. *See* Min. Ord. Given Judge Boasberg's administrative orders following the government shut down, the parties' Joint Status Report is now due.

　　　2.　　　The Minute Order had been issued following the Court's ruling on the Parties' dispositive motions wherein the Court denied the parties' motions. *See* ECF No. 39. The parties have since conferred and continue to confer.

1

3. Plaintiff's position is that (1) the government failed to support that Zhang was a "contract employee" who functioned as an employee would and, therefore, his communications are not exempt from disclosure pursuant to b5 and should be produced; (2) the government failed to support the deliberative process exemption and should therefore produce the withhold and/or redacted records; and (3) the government failed to show it effectively segregated non-exempt information. Plaintiff therefore requested that instead of another round of briefing, the government disclose the documents. If the government declines to do so, then Plaintiff has asked whether or not the government will narrow the issues and produce a portion of the records, or if we need to set a schedule for further proceedings/briefing.

4. Agency Counsel has reviewed the Court's ruling and Plaintiff's position and reports that the Agency is currently reevaluating its positions regarding all redactions.

5. Furthermore, Agency Counsel reports that the process of review is constrained by fewer FOIA staff, backlogs related to the government shutdown, and some turnover in the leadership that could affect how a reassessment of the exemptions claims unfolds. Thus, Government Counsel believes that this litigation would benefit from some additional time for the parties to confer and revisit their positions against the backdrop of the Court's ruling and has conveyed this information to Plaintiff's counsel.

6. Thus, the parties jointly propose that the Court permit them to file another Joint Status Report by February 24, 2026. This would allow the Agency to conduct a thorough review of its exemptions claims and for the parties to confer meaningfully thereafter with the goal of perhaps obviating the need for any additional briefing.

WHEREFORE, the parties jointly propose that the Court adopt their proposal to file another Joint Status Report no later than February 24, 2026.

| | |
|---|---|
| Dated: December 16, 2025 | Respectfully submitted, |
| SIRI & GLIMSTAD LLP | JEANINE FERRIS PIRRO<br>United States Attorney |
| /s/ *Elizabeth A. Brehm*<br>Elizabeth A. Brehm, DC Bar No. NY0532<br>Siri & Glimstad LLP<br>745 Fifth Avenue, Suite 500<br>New York, New York 10151<br>Tel: (240) 732-6737<br>ebrehm@sirillp.com<br><br>*Counsel for Plaintiff* | */s/ Kenneth Abebonojo*<br>KENNETH ADEBONOJO<br>Assistant United States Attorney<br>601 D Street, NW<br>Washington, DC 20530<br>(202)252-2562<br><br>*Attorneys for the United States of America* |